IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MARK MARTIN, | : | |
| Plaintiff, | : | Case No. 3:12-cv-064 |
| | : | District Judge Walter H. Rice |
| -vs- | | Magistrate Judge Michael J. Newman |
| | : | |
| DUANE C. YOUNG, | | |
| | : | |
| Defendant. | | |

**REPORT AND RECOMMENDATION and
NOTICE REGARDING OBJECTIONS**

This action is before the Court for review prior to issuance of process. Plaintiff, who is proceeding *pro se*, was granted leave to proceed *in forma pauperis* on February 28, 2012.

Pursuant to 28 U.S.C. §1915(e)(2), the Court is required to review the complaints of all *pro se* litigants to ensure that jurisdiction in this Court is proper and that claims pled are not frivolous as a matter of law. In addition, the Court has a continuing obligation to address issues regarding subject matter jurisdiction, and may do so *sua sponte*. *See In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005).

In this matter, the Complaint concerns a bar fight. Part of the Complaint (PageID 6-7) suggests this is a personal injury case; another part of the Complaint (PageID 5) suggests this is a civil rights action proceeding under 28 U.S.C. § 1343(a)(3). *See also* 42 U.S.C. § 1983. As both parties appear to be Ohio citizens, the Court lacks diversity jurisdiction over this dispute. *See* 28 U.S.C. § 1332(a)(1).

With respect to federal question jurisdiction, there is no suggestion before the Court that the

named Defendant is a police officer or otherwise a state actor for purposes of Section 1983. Accordingly, the Court questions whether this matter can proceed under Section 1983.

Based upon the allegations of the Complaint, it appears that this case was not properly filed in this Court, and should be filed in state court as a personal injury case (e.g., in the Montgomery County, Ohio Court of Common Pleas or the Montgomery County Municipal Court).

The Court therefore **RECOMMENDS** that the Complaint be dismissed *sua sponte* on lack-of-jurisdiction grounds, and this case closed for the reasons stated herein.  If Plaintiff has evidence that Defendant acted under color of state law, he shall file an Amended Complaint within seven days or less.

The Clerk is **ORDERED** not to issue process in this case pending further order.

February 29, 2012

                     s/ **Michael J. Newman**
                     United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).